IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
AT FORT MYERS

| | | |
|---|---|---|
| ZSR Patlayici Sanayi A.S., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:19-CV-00864-SPC-MRM |
| | ) | |
| Matthew Sarac, | ) | |
| Sarac Distributors LLC, and | ) | |
| Yavex LLC, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Defendants' Reply in Support of their Motion to Dismiss, like their Motion, is a thinly

veiled attempt at summary judgment that should be rejected for not only impermissibly relying

almost entirely on extraneous evidence outside the four corners of the Complaint, but also for

ignoring the facts actually alleged in the Complaint.[1]

## I.     THE COMPLAINT SUFFICIENTLY PLEADS A VALID AGREEMENT.

The Complaint alleges the existence of a valid agreement—the June 30 Agreement. *See*

Complaint at ¶ 23. Defendants nonetheless wrongly argue that this is insufficient because the

Complaint does not use the word "accept" and the attached emails do not show "proof" of

acceptance. However, as another Middle District of Florida court explained, "[a] complaint need

not allege an offer, acceptance, consideration, or a meeting of the minds but may instead generally

allege the existence of a valid contract." *Gaines v. Robinson Aviation (RVA), Inc.*, No. 6:14-CV-

---

[1] Defendants renewed argument that the exhibits to the Complaint should be stricken under Fed.
R. Evid. 408 fails for the same reasons as set forth in Plaintiff's Opposition. *See* Dkt. 22 at 14-15.
Moreover, just as in Defendants' Motion, Defendants fail to cite a single case where a court struck
exhibits to a complaint under Fed R. Evid. 408.

391-ORL-40, 2014 WL 6882934, at *3 (M.D. Fla. Dec. 4, 2014).

Here, the Complaint not only alleges the existence of the valid June 30 Agreement—all that is required under the law—but also goes a step further and alleges facts sufficient to show the parties' acceptance of that agreement. *See* Complaint at ¶¶ 22-25, 27. Specifically, the Complaint alleges that, "[r]elying on and in consideration of Defendants' agreement to pay $1,606,769.89 by the end of 2017 pursuant to an agreed upon payment schedule, Plaintiff agreed to allow Defendants additional time to pay the balance owed and refrained from taking legal action"—an agreement the Complaint defines as the "June 30 Agreement." *Id*. at ¶ 23. The Complaint further alleges facts sufficient to show acceptance of the June 30 Agreement, alleging that "[p]er the parties' agreement, on July 1, 2016 Defendants paid [Plaintiff's predecessor] $300,000.00." *Id*. at ¶ 25. *See Merle Wood & Assocs. Inc. v. Trinity Yachts, LLC,* No. 10-61997-CIV-HUCK, 2011 WL 845825, at *3 (S.D. Fla. Mar. 7, 2011) (holding that "the Court can infer an agreement between the parties" from a "partial payment" called for under the terms of the alleged agreement).

Thus, there can be no question that Complaint sufficiently alleges a valid agreement.[2]

## II.    DEFENDANTS' ADDITIONAL ARGUMENTS MUST BE REJECTED BECAUSE THEY ARE BASED ON FACTS OUTSIDE OF THE COMPLAINT.

Defendants' remaining arguments must be rejected because they rely entirely—and impermissibly—on eleven translated emails attached as exhibits to the Reply, *i.e.*, facts outside the Complaint.  As an earlier Middle District of Florida court observed, such "contention[s are] not amenable to resolution on a motion to dismiss because [they] require[] examination of evidence outside the four corners of the complaint." *Baycare Health Sys., Inc. v. Med. Sav. Ins. Co*., No.

---

[2] Defendants wrongly claim that Plaintiff conceded that its recovery from the underlying invoices is time-barred. This contention is unfounded and misleading. Plaintiff has made no such concession, and Defendants' argument on this point necessarily fails because there is no evidence on the face of the Complaint to support such a contention.  *See* Dkt. 22 at 6-8.

8:07-CV-1222-T-27TGW, 2008 WL 792061, at *6 (M.D. Fla. Mar. 25, 2008).[3] Further, not only

is it improper to consider such extraneous evidence on a motion to dismiss, but the veracity of this

evidence itself is at issue because the emails were translated into English by a Defendant, Mr.

Sarac (*see* Dkt. 27-1 at 28), and as even a cursory review of the translations reveals, they are in

broken English and difficult to understand.

Moreover, Defendants' selective quotations aside, these emails actually *confirm* the

existence of the June 30 Agreement and merely evidence further discussions to memorialize that

agreement in writing. As another Florida district court explained, "[a]n otherwise enforceable oral

contract does not become unenforceable because the parties attempt but fail to reduce it to writing

later." *CCCS Int'l v. Fontainebleau Resorts, LLC*, No. 09-21881-CIV, 2010 WL 11505501, at *3

(S.D. Fla. Apr. 13, 2010). For example, on July 10, 2016, a little over a week after the June 30

Agreement was entered, Mr. Sarac sent an email stating that the parties "***agreed last week***,

payments, dates, transferring the brand etc. ***and I sent $300K according to this agreement***. . . .

***We shook hands on this matter*** and the matter has been resolved." Dkt. 27-1 at 15.

Thus, not only is Defendants' extraneous evidence improper on a motion to dismiss, but

this evidence actually confirms rather than contradicts the allegations of the Complaint.

\* \* \*

Therefore, for the reasons set forth above and in Plaintiff's Opposition, this Court should

deny Defendants' Motion to Dismiss in its entirety.

---

[3] *See also, e.g.*, *Westfield Ins. Co. v. Accessibility Specialists, Inc*., No. 3:10-CV-1140-J-32TEM, 2011 WL 2911528, at *1 (M.D. Fla. July 19, 2011) (holding that "[t]he court must limit its scope of review to the four corners of the complaint."); *GSD Constr. Servs., LLC v. Lexington Ins. Co*., No. 2:19-CV-00846FTM-60NPM, 2020 WL 263662, at *2 (M.D. Fla. Jan. 17, 2020); *Pinellas Suncoast Transit Auth. v. Mincom, Inc*., No. 8:06-CV-2042-T-17EAJ, 2007 WL 2225812, at *2 (M.D. Fla. July 31, 2007).

Respectfully submitted,

By:      /s/ Matthew W. Olinzock
Mehmet Baysan (NY 4922159 – *pro hac vice*)
Matthew W. Olinzock (NY 4926846 – *pro hac vice*)
**BREEDING HENRY BAYSAN PC**
7 World Trade Center
250 Greenwich Street, 46th Floor
New York, NY 1006
Tel: 212-235-1127
Fax: 865-670-8536
mbaysan@bhblegal.com
molinzock@bhblegal.com

Ludmila Khomiak (FL 91757)
**THE CASAS LAW FIRM, PC**
Brickell Bayview Center
80 S.W. 8th Street, Suite 2000
Miami, FL 33130
Tel: 855-267-4457
mila@casaslawfirm.com

*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE


I HEREBY CERTIFY that on this 28th day of February 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants.


By:      /s/ Matthew W. Olinzock


4