UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZSR PATLAYICI SANAYI A.S.,

    Plaintiff,

v.                                                      Case No.:  2:19-cv-864-FtM-38MRM

SARAC DISTRIBUTORS LLC,
YAVEX LLC, and MATTHEW
SARAC,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Sarac Distributors LLC, Yavex LLC, and Matthew Sarac's (together "Sarac") Motion to Dismiss (Doc. 21) and Plaintiff ZSR Patlayici Sanayi A.S.'s Response in Opposition (Doc. 22). The parties also replied and surreplied. (Docs. 27; 36). For these reasons, the Court grants the Motion in part and denies the Motion in part.

## **BACKGROUND**[2]

This is a breach of contract dispute between firearm distributors. Sarac bought guns and ammo from a Turkish company called Yavaşçalar A.S. ("YAS"). But Sarac never paid off the balance he owed. In June 2016, Sarac and YAS made an oral agreement on the amount due (about $1.6 million). And they worked out a payment

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.
[2] These are the facts pled in the Complaint (Doc. 1), which the Court accepts as true at this time. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

schedule for that sum, with Sarac to pay in full by the end of 2017. In exchange, YAS did not sue. While Sarac paid $300,000 under the agreement, he refused to pay the rest.

The June 2016 agreement is the basis of this case. ZSR is YAS' successor in interest to the agreement. And in the Complaint, ZSR sues for (1) breach of contract; (2) promissory estoppel; and (3) an alter ego theory to pierce the corporate veil.

## DISCUSSION

Sarac moves to dismiss the Complaint for lack of standing under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(1) attacks a court's subject-matter jurisdiction. *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1238 (M.D. Fla. 2019). These challenges take two forms—facial and factual. *Id.* at 1239. On facial attacks (like the one here) "the Court takes the allegations in the complaint as true in deciding the motion." *Id.*

Rule 12(b)(6) motions to dismiss for failure to state a claim have a different aim. A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Rule 12(b)(1)

The Court starts with standing because it is jurisdictional. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." (alteration accepted and citation omitted)). A plaintiff must show standing to invoke federal-court jurisdiction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). For standing, there must be injury, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Sarac launches a two-part standing challenge—(1) the allegations on successor-in-interest are insufficient; and (2) Florida law would not recognize the validity of ZSR's ownership. Both positions fail.

First, the Complaint alleges ZSR is the successor in interest to YAS and details how that came about. According to the pleading, another company (the "Parent") acquired YAS (including all assets, accounts receivable, and legal claims) through Turkish bankruptcy. The Parent then changed YAS' name to ZSR. Like ZSR argues, it is effectively the same company as YAS, just renamed and under different ownership. At this point—when the Court must accept all well-pled allegations as true—that is enough to allege ZSR is the successor in interest to YAS under the contract. *See Branch Banking & Tr. Co. v. Sandspoint, L.L.C.*, No. 10-80924-CIV-DIMITROULEAS, 2010 WL 11561167, at *2 (S.D. Fla. Oct. 19, 2010); *Fin-S Tech, LLC v. Surf Hardware Int'l-USA, Inc.*, No. 13-CV-80645-RYSKAMP/HOPKINS, 2014 WL 12461349, at *4-5, 12 (S.D. Fla. Jan. 7,

2014). And Sarac does not direct the Court to any law or fact (either inside or outside the Complaint) that would call this conclusion into question.

Second, Sarac contends Florida law would not recognize the validity of ZSR's, or the Parent's, ownership over YAS. Specifically, Sarac says the Turkish government illegally seized and sold YAS, leading to its purchase by the Parent and conversion into ZSR. If true, Florida law may not recognize the validity of any judgment. *See* Fla. Stat. § 55.605.[3] Without deciding whether the statute could apply, Sarac's argument falls short because it relies on allegations well outside the Complaint with no support. Perhaps Sarac can challenge ZSR's interest after the benefit of discovery. But again, at this stage, the Court must accept the Complaint as true and limit the analysis to its well-pled facts. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" (quoting *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002))).

In sum, the Court determines ZSR adequately alleged standing. Having decided there is jurisdiction, the Court turns to the merits.

**B. Rule 12(b)(6)**

Sarac moves to dismiss the entire Complaint for failure to state a claim based on the statute of limitations. Sarac also urges dismissal of the promissory estoppel and veil piercing claims. The Court takes each in turn.

*1. Statute of Limitations*

---

[3] While sitting in diversity, the Court applies "the substantive law of the forum state, in this case Florida, alongside federal procedural law." *Global Quest, LLC v. Horizon Yachts Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017) (citation omitted). The parties appear to agree Florida law applies.

From his reply, it appears Sarac ditched his statute of limitations defense. As ZSR asserts, the contract at issue in the Complaint was the agreement struck in June 2016—within the four-year limitations period. *See* Fla. Stat. § 95.11(3)(k). So any breach of that agreement necessarily fell within the statute of limitations. And the Court denies the Motion as it relates to this issue.

In his reply, Sarac tosses out a new argument: a challenge to contract formation. Yet the "purpose of a reply brief is to rebut any new law or facts contained in the [opponent's] response to a request for relief before the Court." *E.g.*, *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011). For that reason, "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Grasso v. Grasso*, 131 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015) (citation omitted) (collecting cases); *Ponce v. City of Naples*, No. 2:17-cv-137-FtM-99CM, 2017 WL 2692829, at *3 n.4 (M.D. Fla. June 22, 2017). Now, it is clear Sarac's reply raises an entirely new reason to dismiss, which could have been put forward in the Motion. Because the Motion did not assail contract formation of the 2016 agreement (which is the clear basis of the Complaint's claims) the Court will not consider this argument. And any skirmish over contract formation is a fight for another day.

Even if the Court considered this position, it would be rejected at this time. Sarac challenges the 2016 agreement using emails outside the four corners of the Complaint. And ZSR disputes their authenticity. (Doc. 36). So the Court cannot rely on those documents without converting this into summary judgment. *See, e.g.*, *Gwinnett v. Sw. Fla. Reg'l Planning Council*, 407 F. Supp. 3d 1273, 1276-77 (M.D. Fla. 2019).

*2. Promissory Estoppel*

Next, Sarac asserts Count 2 (promissory estoppel) should be dismissed. Sarac says promissory estoppel cannot circumvent the statute of limitations and ZSR failed to state a claim. Again, statute of limitations is a nonstarter. And to the extent Sarac contends promissory estoppel cannot be pled in an alternative alongside breach of contract, that contention falls flat. *Vision Pharma, LLC v. Sterling Pharm. Servs., LLC*, No. 2:18-cv-500-FtM-99MRM, 2019 WL 1532534, at *7 (M.D. Fla. Apr. 9, 2019); *Baptist Hosp. of Miami, Inc. v. Medica Healthcare Plans, Inc.*, 385 F. Supp. 3d 1289, 1293 (S.D. Fla. 2019).

As to stating a claim, the Complaint is adequate. The elements of promissory estoppel follow: "(1) a promise which the promisor should reasonably expect to induce action or forbearance, (2) action or forbearance in reliance on the promise, and (3) injustice resulting if the promise is not enforced." *Bloch v. Wells Fargo Home Mortg.*, 755 F.3d 886, 889 (11th Cir. 2014) (quoting *DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 96 (Fla. 2013)). While not perfect, the allegations are enough to plead that claim. Thus, the Court denies the Motion for Count 2.

*3. Veil Piercing*

In Count 3, the Complaint alleges a separate claim for "Alter Ego—Piercing the Corporate Veil." (Doc. 1 at 8-9). Sarac argues alter ego theory of veil piercing is not an independent cause of action. ZSR disagrees, but the Court does not.

Overall, "Florida courts permit alter ego allegations to be pled as a distinct cause of action." *Oginsky v. Paragon Props. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011). But in federal court, parties should only plead independent claims for

relief as separate counts. *See* Fed. R. Civ. P. 10(b). When "alter ego [merely] serves as a theory to impose liability on an individual for the acts of a corporate entity," it is not separate from the underlying claims. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-CV-61436, 2010 WL 1531489, at *9 (S.D. Fla. Apr. 16, 2010). Thus, "federal courts generally find that 'alter ego is not a separate cause of action for which relief can be granted.'" *E.g.*, *Oginsky*, 784 F. Supp. 2d at 1373 (alteration accepted) (quoting *Tara*, 2010 WL 1531489, at *9).[4]

The Court concludes this alter ego claim is not a separate cause of action. So the Court dismisses Count 3 with prejudice, but ZSR may replead the alter ego and veil piercing allegations related to its other claims (where relevant) in an amended complaint.

**3. Motion to Strike**

Finally, Sarac moves to strike exhibits attached to the Complaint under Federal Rule of Evidence 408.[5] Rule 408(a) prevents the admission of settlement discussions to prove the validity or amount of a claim. Sarac cites three cases to support striking the exhibits. Yet none help. One case considered the Rule at trial. Another rejected a motion to strike a demand letter attached to a motion to remand. And the third did not reach the issue. Rather than use those dissimilar cases, the Court agrees with ZSR. Courts often refuse to strike exhibits attached to complaints under Rule 408 at the pleading stage. *E.g.*, *Marcura Equities FZE v. Schulz*, No. 2:17-cv-508-FtM-99CM, 2018 WL 1757339, at *2-3 (M.D. Fla. Apr. 12, 2018); *Rubenstein Law, P.A. v. Friedman Law Assocs., P.L.*, No.

---

[4] *See also Schrenkel v. LendUS, LLC*, No. 2:18-cv-382-FtM-29CM, 2018 WL 5619358, at *10 n.10 (M.D. Fla. Oct. 30, 2018); *Mgmt. v. Beale St. Blues Co.*, No. 17-cv-81214-BLOOM/Valle, 2018 WL 6448385, at *3 (S.D. Fla. Oct. 3, 2018); *Raimbeault v. Accurate Mach. & Tool, LLC*, No. 14-CIV-20136, 2014 WL 5795187, at *9 (S.D. Fla. Oct. 2, 2014); *B&E Gibson Enters. Inc. v. Darngavil Enters. LLC*, No. 6:12-cv-1865-Orl-31GJK, 2013 WL 71822, at *3 (M.D. Fla. Jan. 7, 2013).
[5] Federal Rule of Civil Procedure 12(f) governs motions to strike. Sarac does not cite Rule 12(f) or argue entitlement under it, so the request could be denied on this basis alone.

8:16-cv-1511-T-36JSS, 2016 WL 9211672, at *1 (M.D. Fla. June 23, 2016), *report and recommendation adopted*, 2016 WL 9223823 (Aug. 2, 2016). It seems clear that "disputes over Rule 408 should be resolved as evidentiary matters with motions in limine rather than prematurely in Rule 12(f) motions." *Harris v. Torus Nat'l Ins.*, No. 8:14-cv-1001-T-33AEP, 2014 WL 3053257, at *4 (M.D. Fla. July 7, 2014) (alterations accepted and citation omitted). So the motion to strike is denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 21) is **GRANTED in part and DENIED in part**.

1. Count 3 is **DISMISSED with prejudice**. However, the Court **GRANTS leave** for Plaintiff to replead the allegations where relevant in the amended complaint.

2. Plaintiff must **FILE** an amended compliant **on or before March 12, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of March, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record