**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**AT FORT MYERS**

| | | |
|---|---|---|
| ZSR Patlayici Sanayi A.S., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:19-CV-00864-SPC-MRM |
| | ) | |
| Matthew Sarac, | ) | |
| Sarac Distributors LLC, and | ) | |
| Yavex LLC | ) | JURY DEMAND |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ZSR Patlayici Sanayi A.S. ("Plaintiff") for its First Amended Complaint against

Sarac Distributors LLC ("SD"), Yavex LLC ("Yavex"), and Mr. Matthew Sarac (collectively,

"Defendants"), state as follows:

**I.   THE PARTIES**

1.   ZSR Patlayici Sanayi is an *Anonim Şirket[1]* formed under the laws of the Republic of Turkey

with its principal place of business at Pasaalani Mah. Zagnos Pasa Bulvari No. 31/A, Karesi –

BALIKESİR, Turkey.

2.   ZSR is the successor in interest to Yavaşçalar A.S.

---

[1] A Turkish joint stock company, similar to a corporation in the United States.

3.   More specifically, on or about August 7, 2017, Sarsilmaz Patlayici Sanayi Anonim Sirketi ("Sarsilmaz") acquired Yavaşçalar A.S. and all of its assets, including its receivables and potential legal claims, from Turkey's Saving Deposit Insurance Fund ("TMSF.")[2]

4.   Further, on or about October 10, 2018, Sarsilmaz A.S. changed Yavaşçalar's name to ZSR Patlayici Sanayi A.S.

5.   Mr. Sarac resides in Lee County, Florida, and may be served at 8411 Sedonia Drive, Estero, Lee County, FL 33967.

6.   SD is an LLC incorporated under the laws of Florida.  SD may be served at its registered address, 6391 Corporate Park Circle, Suite 1, Fort Myers, Lee County, Florida 33966.

7.   Upon information and belief, Mr. Sarac is SD's sole manager.

8.   Yavex is an LLC incorporated under the laws of Florida.  Yavex may be served at its registered address, 6391 Corporate Park Circle, Suite 1, Fort Myers, Lee County, Florida 33966.

9.   Upon information and belief, Mr. Sarac is Yavex's sole manager.

## II.  NATURE OF ACTION

10. This is an action for breach of contract and promissory estoppel.

## III.JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2) as this action is between Plaintiff, a citizen of a foreign state, and Defendants, citizens of Florida, and the amount in controversy exceeds $75,000.00.

12. This Court has personal jurisdiction over SD under Fla. Stat. § 48.193 because SD has in the past and continues to operate, conduct, engage in, and carry on business in Florida and has an

---

[2] A governmental entity involved in a process similar to the bankruptcy process in the U.S.

office and agency in Florida, and because SD has breached a contract in this state by failing to perform acts required by the contract to be performed in Florida.

13. This Court has personal jurisdiction over Yavex under Fla. Stat. § 48.193 because Yavex has in the past and continues to operate, conduct, engage in, and carry on business in Florida and has an office and agency in Florida, and because Yavex breached a contract in this state by failing to perform acts required by the contract to be performed in Florida.

14. This Court has personal jurisdiction over Mr. Sarac under Fla. Stat. § 48.193 because Mr. Sarac has in the past and continues to operate, conduct, engage in, and carry on business in Florida and has an office and agency in Florida, and because Mr. Sarac breached a contract in this state by failing to perform acts required by the contract to be performed in Florida.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants are residents of this District and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff' claims occurred in this District. Further, venue is proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to this Court's personal jurisdiction with respect to this action.

## IV. THE CONTROVERSY

### A. Background

16. Plaintiff is in the business of firearms and firearm-related products.

17. Defendants are manufacturers, importers, and distributors of firearms and firearm-related products.

18. Yavaşçalar A.S. sold to Defendants certain firearms and firearm-related products (the "Products").

19. Yavaşçalar A.S. delivered or caused to be delivered to Defendants the Products sold.

20. At the time of each delivery, Defendants had an opportunity to inspect the Products and did not reject them.

21. Defendants owe an outstanding balance to Plaintiffs for the sale and delivery of the Products.

### B.  Nature and Terms of the Parties' Agreement

22. On or around June 30, 2016, Yavaşçalar A.S and Defendants agreed the full outstanding balance due immediately for all Products sold and delivered to Plaintiff was $1,606,769.89.

23. Relying on and in consideration of Defendants' agreement to pay $1,606,769.89 by the end of 2017 pursuant to an agreed upon payment schedule, Plaintiff agreed to allow Defendants additional time to pay the balance owed and refrained from taking legal action (the "June 30 Agreement").

24. The Defendants further agreed to make a payment of $300,000.00 by the next day, July 1, 2016.

25. Per the parties' agreement, on July 1, 2016 Defendants paid Yavaşçalar A.S $300,000.00.

26. Certain portions of the parties' negotiations related to the June 30 Agreement are reflected in two emails dated June 16, 2016 and April 4, 2017, respectively.

27. Specifically, on June 16, 2016, Defendants sent an email to the then president of Yavaşçalar, Ismail Yavasca, acknowledging the debt owed to Yavaşçalar in approximated amounts and setting forth certain payment terms, including the dates by which payments would be made. The email is attached hereto as Exhibit "A" ("June 2016 Email").

28. On April 4, 2017, Defendants sent an email to the Trustee appointed by TMSF referring to the June 30 Agreement and stating that the July 1, 2016 payment of $300,000.00 was made pursuant to the agreement. The email is attached hereto as Exhibit "B" ("April 2017 Email").

29. In the April 2017 Email, Defendants acknowledged that the outstanding balance after application of the July 1, 2016 payment of $300,000.00 was a total of $1,306,769.89.

30. Despite good faith attempts on the part of the Plaintiffs to hold Defendants to the terms of the June 30 Agreement, Plaintiff has not received any other payments on the outstanding balance since the July 1, 2016 payment.

31. Defendants have since refused to pay the remaining balance of $1,306,769.89.

**C. Mr. Sarac's Operation of SD and Yavex as Alter Egos**

32. Upon information and belief, Mr. Sarac formed SD and Yavex.

33. Upon information and belief, Mr. Sarac is the sole manager and employee of SD and Yavex.

34. Both SD and Yavex operate from the same address.

35. Upon information and belief, SD and Yavex are mere instrumentalities of Mr. Sarac.

36. Upon information and belief, Mr. Sarac used SD and Yavex solely for his personal benefit in his individual dealings.

37. Upon information and belief, Mr. Sarac used SD and Yavex indiscriminately at his sole discretion to satisfy debt owed to Plaintiff.

38. Upon information and belief, Mr. Sarac comingled his own personal funds with those of SD and Yavex.

39. Upon information and belief, Mr. Sarac satisfied or attempted to satisfy some of the outstanding balance by funds he received or expected to receive from his personal investments, therefore comingled personal funds with that of SD and Yavex.

40. Upon information and belief, Mr. Sarac has used SD and Yavex for the sole purpose of shielding himself from personal liability.

41. Upon information and belief, SD and Yavex have no true officers or directors.

42. Upon information and belief, SD and Yavex are and at all times have been insufficiently capitalized for purposes of corporate undertaking.

43. Upon information and belief, SD and Yavex have observed little or no corporate formalities.

44. Upon information and belief, Mr. Sarac comingled his personal finances with that of SD and Yavex.

45. Upon information and belief, SD and Yavex have little or no corporate records.

46. Upon information and belief, SD and Yavex's existence are a mere facade for individual dealings of Mr. Sarac.

47. Upon information and belief, SD and Yavex serve only as alter egos for Mr. Sarac.

48. For example, in the June 2016 Email Mr. Sarac discussed paying the amounts owed to Plaintiffs from his "own investments": "I will look into my finances until the new year; I have my own investments, there will be business activities and orders received; so I will transfer money to you as I collect from customers."

49. Mr. Sarac's deliberate misconduct as described herein above was improper and caused injury to the Plaintiff.

50. Mr. Sarac must be held personally liable for SD and Yavex's actions.

## V.      CAUSES OF ACTION

### Count One: Breach of Contract

51. Plaintiff incorporates the preceding paragraphs as though set forth fully herein.

52. In consideration for agreement to pay the remaining balance owed for the Products in the amount of $1,606,769.89, Plaintiff provided Defendants with additional time to pay and refrained from taking legal action.

53. A valid and enforceable contract thus existed between Plaintiff and Defendants.

54. Plaintiff complied with the agreement by refraining from legal action against Defendants and providing Defendants with additional time to pay.

55. Defendants have paid only $300,000.00 toward satisfaction of the debt.

56. Defendants materially breached the agreement by failing to pay Plaintiff the remaining balance of $1,306,769.89.

57. Plaintiff suffered damages as a result of the breach in the amount of $1,306,769.89.

58. Plaintiff is entitled to damages and all other available remedies at law and equity for Defendants' breach of the June 30 Agreement.

59. To the extent Mr. Sarac is not already personally liable for this Count as party to the alleged contract, he is liable as the alter ego of SD and/or Yavex.

### Count Two: Promissory Estoppel

60. Plaintiff incorporates the preceding paragraphs as though set forth fully herein.

61. Defendants represented to Plaintiff that Defendants would pay the outstanding balance owed of $1,606,769.89.

62. The representation that Defendants would pay the agreed upon amount of $1,606,769.89 was material.

63. Plaintiff reasonably relied on Defendants' representation that they would pay the outstanding balance of $1,606,769.89.

64. Defendants have paid only $300,000.00 toward satisfaction of the debt and refuse to pay any additional amount toward the outstanding balance.

65. Defendants' change in position is to the detriment of Plaintiff.

66. The detriment to Plaintiff is caused by Plaintiff's reasonable reliance on Defendants' representation that $1,606,769.89 would be paid.

67. Plaintiff suffered damages acting in reliance on Defendant's representation that they were able and willing to pay the agreed upon amount of $1,306,769.89 still owed.

68. Plaintiff is entitled to damages and all other available remedies at law and equity for Defendants' failure to pay the outstanding balance of $1,306,769.89 and the resultant detriment to Plaintiff.

69. To the extent Mr. Sarac is not already personally liable for this Count as directly making the alleged representation, he is liable as the alter ego of SD and/or Yavex.

## VI. REQUEST FOR RELIEF

Wherefore, Plaintiff requests the following relief:

1.  Damages resulting from Defendants' breach of the June 30 Agreement;

2.  Damages for Defendants' failure to pay the outstanding balance of $1,306,769.89 and the resultant detriment to Plaintiff, plus pre- and post-judgment interest; and

3. Award of attorney's fees, costs, and such other and further relief as this Court finds appropriate.

## VII. JURY DEMAND

Plaintiff requests a trial by jury for all issues, claims, and defenses so triable.

Dated: March 12, 2020

Respectfully submitted,

By:＿＿＿/s/ Mehmet Baysan＿＿＿＿
Mehmet Baysan (NY 4922159 – *pro hac vice*)
Matthew W. Olinzock (NY 4926846 – *pro hac vice*)
**BREEDING HENRY BAYSAN PC**
7 World Trade Center
250 Greenwich Street, 46th Floor
New York, NY 1006
Tel: 212-235-1127
Fax: 865-670-8536
mbaysan@bhblegal.com
molinzock@bhblegal.com

Ludmila Khomiak (FL 91757)
**THE CASAS LAW FIRM, PC**
Brickell Bayview Center
80 S.W. 8th Street, Suite 2000
Miami, FL 33130
Tel: 855-267-4457
mila@casaslawfirm.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which automatically sends an electronic notification to all counsel of record and other CM/ECF participants.

By: ＿＿＿/s/ Mehmet Baysan＿＿＿

9