IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
AT FORT MYERS

| | |
|---|---|
| ZSR PATLAYICI SANAYI A.S., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW SARAC, SARAC DISTRIBUTORS LLC, and YAVEX LLC, <br><br> Defendants. | CASE NO. 2:19-cv-00864-SPC-MRM |

**PLAINTIFF'S ANSWER TO COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant ZSR Patlayici Sanayi A.S. ("Plaintiff"), by and through its attorneys, hereby Answer the Counterclaims filed by Defendants and Counterclaim-Plaintiffs Matthew Sarac, Sarac Distributors LLC, and Yavex LLC (collectively, "Defendants"). Plaintiff denies all allegations contained in the section headings or other portions of the Counterclaims that are not contained within the specifically numbered paragraphs of the Counterclaims. All allegations if not expressly admitted, are denied. Plaintiff, by way of answer to the enumerated paragraphs of the Counterclaims, says and states:

71. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Counterclaims, except admits that Yavaşçalar A.S. ("Yavaşçalar") sold to named Defendants certain firearms and firearm-related products.

72. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Counterclaims.

73. Plaintiff denies the allegations contained in Paragraph 73 of the Counterclaims.

74. Plaintiff denies the allegations contained in Paragraph 74 of the Counterclaims.

1

75. Plaintiff denies the allegations contained in Paragraph 75 of the Counterclaims.

76. The allegations contained in Paragraph 76 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 76 of the Counterclaims.

77. The allegations contained in Paragraph 77 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 77 of the Counterclaims.

78. Plaintiff denies the allegations contained in Paragraph 78 of the Counterclaims.

79. Plaintiff denies the allegations contained in Paragraph 79 of the Counterclaims.

80. Plaintiff denies the allegations contained in Paragraph 80 of the Counterclaims.

81. The allegations contained in Paragraph 81 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 81 of the Counterclaims.

82. The allegations contained in Paragraph 82 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 82 of the Counterclaims.

83. The allegations contained in Paragraph 83 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 83 of the Counterclaims.

84. The allegations contained in Paragraph 84 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 84 of the Counterclaims.

85. The allegations contained in Paragraph 85 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 85 of the Counterclaims.

86. The allegations contained in Paragraph 86 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 86 of the Counterclaims.

87. Plaintiff denies the allegations contained in Paragraph 87 of the Counterclaims.

88. The allegations contained in Paragraph 88 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 88 of the Counterclaims.

89. The allegations contained in Paragraph 89 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 89 of the Counterclaims.

90. The allegations contained in Paragraph 90 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 90 of the Counterclaims.

91. The allegations contained in Paragraph 91 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 91 of the Counterclaims.

92. Plaintiff denies the allegations contained in Paragraph 92 of the Counterclaims.

93. Plaintiff denies the allegations contained in Paragraph 93 of the Counterclaims.

94. The allegations contained in Paragraph 94 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 94 of the Counterclaims.

95. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Counterclaims, except admits that, based upon public record, a coup d'état was attempted in Turkey on or about July 15, 2016. Plaintiff further avers that the allegations contained in Paragraph 95 are irrelevant to the pending case.

96. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Counterclaims, except admits that, based upon public record, the attempted coup d'état was unsuccessful. Plaintiff further avers that the allegations contained in Paragraph 96 are irrelevant to the pending case.

97. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Counterclaims, except admits that Ismail Yavaşça was arrested in or around 2016.

98. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Counterclaims, except admits that, based upon public record, Yavaşçalar was put into administration.

99. The allegations contained in Paragraph 99 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 99 of the Counterclaims.

100. Denies the allegations contained in Paragraph 100 of the Counterclaims, except admits Plaintiff alleges in its Complaint that it acquired Yavaşçalar and all is its assets, including its receivables and potential legal claims, from Turkey's Saving Deposit Insurance Fund.

101. The allegations contained in Paragraph 101 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 101 of the Counterclaims.

**COUNT I**
**(TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS)**

102. Plaintiff incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

103. The allegations contained in Paragraph 103 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 103 of the Counterclaims.

104. Plaintiff denies the allegations contained in Paragraph 104 of the Counterclaims.

105. The allegations contained in Paragraph 105 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 105 of the Counterclaims.

106. The allegations contained in Paragraph 106 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 106 of the Counterclaims.

107. The allegations contained in Paragraph 107 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 107 of the Counterclaims.

108. The allegations contained in Paragraph 108 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 108 of the Counterclaims.

109. The allegations contained in Paragraph 109 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 109 of the Counterclaims.

110. The allegations contained in Paragraph 110 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 110 of the Counterclaims.

111. The allegations contained in Paragraph 111 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 111 of the Counterclaims.

**COUNT II**
**(TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS)**

112. Plaintiff incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

113. The allegations contained in Paragraph 113 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 113 of the Counterclaims.

114. The allegations contained in Paragraph 114 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 114 of the Counterclaims.

115. The allegations contained in Paragraph 115 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 115 of the Counterclaims.

116. Plaintiff denies the allegations contained in Paragraph 116 of the Counterclaims.

117. The allegations contained in Paragraph 117 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 117 of the Counterclaims.

118. The allegations contained in Paragraph 118 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 118 of the Counterclaims.

119. The allegations contained in Paragraph 119 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 119 of the Counterclaims.

120. The allegations contained in Paragraph 120 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 120 of the Counterclaims.

121. The allegations contained in Paragraph 121 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 121 of the Counterclaims.

122. The allegations contained in Paragraph 122 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 122 of the Counterclaims.

123. The allegations contained in Paragraph 123 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 123 of the Counterclaims.

## COUNT III

### (BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY, VIOLATION OF FLA. STAT. § 672.314)

124. Plaintiff incorporates by reference its responses to the preceding Paragraphs as if fully set forth herein.

125. The allegations contained in Paragraph 125 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 125 of the Counterclaims.

126. The allegations contained in Paragraph 126 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 126 of the Counterclaims.

127. The allegations contained in Paragraph 127 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 127 of the Counterclaims.

128. Plaintiff denies the allegations contained in Paragraph 128 of the Counterclaims.

129. Plaintiff denies the allegations contained in Paragraph 129 of the Counterclaims.

130. The allegations contained in Paragraph 130 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 130 of the Counterclaims.

131. The allegations contained in Paragraph 131 of the Counterclaims call for a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 131of the Counterclaims.

132.     The allegations contained in Paragraph 132 of the Counterclaims call for a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 132 of the Counterclaims.

133.     The allegations contained in Paragraph 133 of the Counterclaims call for a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 133 of the Counterclaims.

**WHEREFORE**, Plaintiff demands judgment in its favor, dismissing the Counterclaims in their entirety, with prejudice, and awarding its costs, attorney's fees, and such further relief as this Court deems just and proper.

### **AFFIRMATIVE DEFENSES**

Plaintiff asserts the following affirmative defenses without assuming the burden of proof of persuasion that would otherwise remain with Defendants as to their Counterclaims.  Each defense is asserted as to all counterclaims against Plaintiff.  In asserting the below affirmative defenses, Plaintiff expressly incorporates its Complaint against Defendants as if same were more fully set forth herein at length and verbatim.  Plaintiff presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Plaintiff respectfully reserves the right to amend its Answer and Affirmative Defenses to the Counterclaims if investigation, discovery, and further information warrants such amendment, and further to assert any applicable matters of law during the pendency of this action.  As separate and affirmative defenses, Plaintiff alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred by a failure to state a claim upon which relief can be granted. Defendants assert counterclaims for tortious interference yet fail to allege any specific contract or business relationship with which Plaintiff allegedly interfered as well as any ensuing harm that was the proximate cause such alleged conduct. Under the same, Defendants also fail to allege that Plaintiff engaged in this purported conduct "intentionally and without justification and privilege" interfered with these unspecified business relationships. As to second counterclaim of Plaintiff's alleged tortious interference with advantageous business relationships, Defendants fail to allege any basis for claiming that Plaintiff "intentionally and without justification interfered" with those unknown business relationships with the knowledge, purpose and intent to injure Defendants or with reckless disregard for the attendant consequences. As to Defendants' claim for breach Fla. Stat. § 672.314, Defendants have failed to adequately allege the elements of a cause of action for breach of implied warranty of merchantability, including, but not limited to, warranty, defectiveness, causation, notice of breach, and damages. In addition, Defendants' claim for breach of Fla. Stat. § 672.314 must be denied on the grounds that Defendants' disclaim and deny in their Answer any contract for the sale of goods, which necessarily negates any implied warranty pursuant to contract available pursuant to Fla. Stat. § 672.314.

## SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the statute of limitations applicable to each claim. More specifically, Defendants have failed to specifically allege conduct supporting a claim for tortious inference within four years of their Counterclaims and Defendants have similarly failed to allege a shipment of goods subject to Fla. Stat. § 672.314 within four years from the filing of their Counterclaims.

**THIRD AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by the economic loss doctrine, as Florida's economic loss rule prohibits a party from seeking the recovery of purely economic losses arising from the alleged defects in products, and Defendants have failed to allege bodily injury or property damage.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by Defendants' failure to satisfy conditions precedent, including but not limited to providing notice to Plaintiff of any alleged breach under Fla. Stat. § 672.314.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by lack of personal jurisdiction over Plaintiff. Defendants do not allege nor establish personal jurisdiction over Plaintiff with regard to their permissive Counterclaims, including but not limited to, those allegations of the Counterclaims related to alleged "illegal" shipments, arrest and corporate administration in a foreign country. Moreover, such allegations are irrelevant and beyond the Court's purview with regard to the subject matter of this action, and Defendants have failed to demonstrate a credible or plausible connection (causal or otherwise) between the irrelevant action and their Counterclaims claims and defenses herein. Defendants also fail to show any connections (causal or otherwise) between some of the parties who allegedly committed some if not all of the conduct alleged in their Counterclaims.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by the equitable doctrines of laches, waiver, unclean hands, fraud and illegality, res judicata and/or estoppel. Among other wrongful acts, Defendants have asserted meritless Counterclaims against Plaintiff in an effort to avoid paying the debt owed to Plaintiff. Specifically, Plaintiff references its allegations regarding Defendants' continued attempts to evade Plaintiff's ability to collect on the outstanding debt by misrepresentations and unilateral modifications of the terms to which both Parties agreed for the collection of the debt Defendants admitted they owed in writing. Moreover, Defendants failed to timely bring any of the allegations to Plaintiff's attention while also continuing to sell the goods they now claim were not on par with U.S. standards and specifications, potentially violating relevant rules and regulations.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by Defendants' failure to mitigate damages, if any, relating to the sale of goods purchased from Plaintiff. For example, Defendants chose to provide free samples prior to sale, without any involvement of Plaintiff, which according to public sources received nothing but praise. Defendants also failed to take any action on these allegations until the filing of their Counterclaims, and instead continued to sell and market Plaintiff's goods, thereby being unjustly enriched.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants' Counterclaims are barred, in whole or in part, by independent, intervening, and superseding forces and/or actions of parties or third parties that proximately caused or contributed to the alleged losses or damages, barring recovery from Plaintiff. Any loss of goodwill

or business relationships, or reductions in sales or profits, or failure to pursue other business ventures, is unattributable to Defendants, or other third-parties unrelated to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

The damages alleged in the Counterclaims, if any, were caused by Defendants' breach of contract, or comparative faulty, recklessness, and/or culpable conduct of Defendants. Defendants are not entitled to judgment, and, pleading in the alternative, any award or judgment in favor of Defendants must be offset by Defendants' conduct, as described in the Complaint. Counterclaims are barred, in whole or in part, by Defendants' contributory negligence resulting in any loss of goodwill or business relationships, or reductions in sales or profits, or failure to pursue other business ventures.

## TENTH AFFIRMATIVE DEFENSE

Defendants cannot demonstrate reliance for purposes of proving a claim for breach of Fla. Stat. §672.314.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred to the extent that they engaged in unlawful, inequitable, or improper conduct. Specifically, Defendants fail to timely bring any of the allegations to Plaintiff's attention. Moreover, Defendants also continued to sell the goods they now claim were not on par with U.S. standards and specifications, potentially violating relevant rules and regulations.

**TWELFTH AFFIRMATIVE DEFENSE**

The damages alleged in the Counterclaims, if any, were caused by the breach of contract or comparative fault, recklessness and/or culpable conduct of the Defendants and, by reason thereof, Defendants are not entitled to judgment. To the extent Defendants are entitled to any damages, they must be offset by the breach of contract, comparative fault, recklessness and/or culpable conduct attributable to the Defendants compared to the breach or culpable conduct, if any, of Plaintiff and/or any non-parties. Specifically, Defendants breached their contract with Plaintiff, were unjustly enriched to Plaintiff's detriment, and Defendants failed to timely bring any of the allegations to Plaintiff's attention after accepting these goods without objection. Moreover, Defendants also continued to sell the goods they now claim were not on par with U.S. standards and specifications, potentially violating relevant rules and regulations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is entitled to a set-off for benefits, income and/or profits obtained by Defendants at the expenses of Plaintiff from sale of any products, they now claim were not on par with U.S. standards. Plaintiff also asserts that the monies owed by Defendant should eliminate, reduce, or diminish Defendants' potential damages (there should not be any) alleged in Defendants' Counterclaims.

Dated:  September 28, 2020                Respectfully submitted,

                                          By: /s/ Mehmet Baysan
                                          Mehmet Baysan (NY 4922159 – *pro hac vice*)
                                          MICHELMAN & ROBINSON, LLP
                                          800 Third Avenue, 24th Floor
                                          New York, NY 10022
                                          Tel: (212) 730-7700
                                          mbaysan@mrllp.com

```
```

Ludmila Khomiak (FL 91757)
THE CASAS LAW FIRM, PC
Brickell Bayview Center
80 S.W. 8th Street, Suite 2000
Miami, FL 33130
Tel: (855) 267-4457
mila@casaslawfirm.com
*Counsel for Plaintiff/Counterclaim-Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of September 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which automatically sends and electronic notification to all counsel of record and other CM/ECF participants.

By: /s/ Mehmet Baysan